## Associated Trades & Crafts International Union v. Quinn

*Meffe & Ober,* for plaintiff.

*Louis Emanuell, 3rd,* and *M. Bruce McCullough,* for defendants.

KEIM, J., December 30, 1971.—This case comes before the court en banc for consideration of preliminary objections filed by defendant John T. Quinn, t/d/b/a John T. Quinn Plumbing against the complaint in assumpsit filed by plaintiff, Associated Trades & Crafts International Construction Union. Plaintiff alleges that Quinn was accepted into membership of the United Contractors Association on or about May 15, 1969, and thereby became bound to the labor agreement dated January 1, 1968, between the association and the union. The complaint further alleges that Quinn became bound to pay certain financial obligations under that agreement. Less than a month after being a member of the association, Quinn repudiated the agreement. The complaint states that Quinn is liable to the union for certain financial obligations, including union dues that Quinn should have collected from his employes for a period of seven months from April 1969 to October 1969.

The substance of defendant Quinn's preliminary objections is that the original agreement referred to is illegal and that this court is without jurisdiction in the matter, since the matters set forth in plaintiff's complaint are arguably within the jurisdiction of the National Labor Relations Board and the field has been preëmpted by the National Labor Relations Act.

This court feels that it is without jurisdiction in this case because of the decision of the United States Supreme Court in San Diego Building Trades Council et al., v. Garmon, et al., 359 U.S. 236, 3 L.Ed. 2d 775 (1959), which established the principle that the National Labor Relations Act preëmpts State court jurisdiction over conduct that is arguably protected or prohibited by the National Labor Relations Act. The recent case of Amalgamated Association of Street Electric Railway and Motor Coach Employees of

America et al. v. Wilson P. Lockridge, 403 U.S. 274, 29 L.Ed. 2d 473 (1971), reiterated the holding of the Garmon case. The Lockridge case involved a union member who sued for reinstatement and damages in the State courts of Idaho after being discharged because of a collective bargaining agreement between his employer and his union providing for a maintenance of membership provision.

In that State suit, the union member recovered damages because he had been less than two months in arrears in his dues, that he had not been properly suspended and, therefore, was not subject to discharge. The United States Supreme Court held, inter alia, that under the Garmon rule, State court jurisdiction of the claim was preëmpted because the union's conduct was arguably protected or prohibited by the National Labor Relations Act. After reviewing the various policies and reasons behind the preëmption doctrine set forth in Garmon, the court stated at 403 U.S. 274, 275, 29 L.Ed. 2d, 485 and 486, as follows:

"The failure of alternative analyses and the interplay of the foregoing policy considerations, then, led this Court to hold in Garmon, 359 US, at 244:

" 'When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by §7 of the National Labor Relations Act, or constitute an unfair labor practice under §8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law. . . .'

"Upon these premises, we think that Garmon rather clearly dictates reversal of the judgment below. None of the propositions asserted to support that judgment

can withstand an application, in light of those factors that compelled its promulgation, of the Garmon rule.

"Assuredly the proposition that Lockridge's complaint was not subject to the exclusive jurisdiction of the NLRB because it charged a breach of contract rather than an unfair labor practice is not tenable. Pre-emption, as shown above, is designed to shield the system from conflicting regulation of conduct. It is the conduct being regulated, not the formal description of governing legal standards, that is the proper focus of concern. Indeed, the notion that a relevant distinction exists for such purposes between particularized and generalized labor law was explicitly rejected in Garmon itself. 359 US at 244."

In the case at bar, the complaint merely shows a breach of contract action; however, under the holding in Lockridge, supra, breach of contract actions involving labor agreements under the jurisdiction of the National Relations Act cannot be heard in State courts, and we will, therefore, enter the following order:

## ORDER

And now, December 30, 1971, after due and careful consideration, it is hereby ordered, adjudged and decreed that the preliminary objections to the complaint be and the same hereby are granted, and the complaint is hereby dismissed.